# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ZAKII TAWWAB WAHIID, K52467 )<br>       Plaintiff )<br> )<br>vs. )<br> )<br>BRUCE FISHER, et al )<br>       Defendants ) | Case No. 04-1281 |

## PREPAYMENT ORDER

The plaintiff, ZAKII TAWWAB WAHIID, K52467, an inmate at the Lawrence Correctional Center, has submitted a civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed without prepayment of costs and fees pursuant to 28 U.S.C. § 1915. Copies of the plaintiff's trust fund ledgers indicate that for the six (6) months immediately preceding the filing of this action, the plaintiff received deposits in the amount of $$73.09.

**The *Prison Litigation Reform Act* requires that all prisoners bringing civil actions pay the full amount of the filing fee. 28 U.S.C.A. §1915(b)(1).** Therefore, generally, plaintiffs in civil cases are required to prepay a $150.00 filing fee plus service fees and other costs. Although this plaintiff is unable to prepay the entire filing fee at this time, the Court has determined that the plaintiff is able to prepay an initial partial filing fee in the amount of $2.44 [that is, twenty percent of his average monthly deposits for the past six months. See 28 U.S.C. § 1915(b)(2)].

The plaintiff is ordered to send an institution check or money order (personal checks are not accepted) in the amount of the partial filing fee, payable to "CLERK, U.S. DISTRICT

COURT," within twenty-eight (28) days from the date of this order.  If the plaintiff complies, the Court will grant the plaintiff leave to proceed in forma pauperis and accept the complaint for filing.  If payment is not received within twenty-eight (28) days, the plaintiff's petition for leave to proceed without prepayment of fees and costs will be denied and the case will be dismissed.  The initial partial prepayment ordered here may be waived if the plaintiff can show cause, within twenty-eight (28) days from the date of this order, why the initial partial prepayment should not be required.

**Even if the plaintiff is financially unable to pay an initial fee at this time, the recently enacted** *Prison Litigation Reform Act* **requires that payments be deducted from the prisoner's trust fund account when funds become available until the filing fee is paid in its entirety.**  Therefore, automatic monthly deductions must be made from the plaintiff's trust fund account once his petition for leave to proceed in forma pauperis is granted, until the statutory filing fee is paid in full.  **Even if the plaintiff decides not to proceed with the case, or the case is dismissed by the Court, he/she is still obligated to pay the $150 filing fee.**

IT IS THEREFORE ORDERED that the plaintiff, within twenty-eight (28) days from the date of this order, prepay an initial partial filing fee of $2.44.  Upon receipt of the partial prepayment, leave to proceed in forma pauperis will be allowed.

IT IS FURTHER ORDERED that, following payment of the initial partial filing fee, the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account.  Upon further order from the Court, the agency having custody of the plaintiff will forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee

is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.

IT IS FURTHER ORDERED that the initial partial filing fee may be waived if the plaintiff can show, within twenty-eight (28) days from the date of this order, why partial prepayment should not be required.

IT IS FURTHER ORDERED that failure of the plaintiff to prepay the required partial filing fee within the time specified will result in denial of leave to proceed in forma pauperis and summary dismissal of this case, without prejudice.

IT IS FURTHER ORDERED that, if the plaintiff fails to prepay the required partial filing fee or fails to show cause why partial payment should not be required, within the time specified, resulting in a dismissal of this case, pursuant to 28 U.S.C.A. § 1915(b)(1), he/she is still obligated to pay the $150 filing fee.

ENTER this 20th day of September, 2004.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

cc: ZAKII TAWWAB WAHIID, K52467